IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

CLARENCE G. HOWARD,

    Plaintiff

VS.                          NO. 5:10-CV-207 (MTT)

GEORGIA DEPT. OF CORRECTIONS,
KATRINA GREEN,
Dr. ROBIN GILL,                  **PROCEEDINGS UNDER 42 U.S.C. §1983**
Dr. ALETA GARDNER,          **BEFORE THE U. S. MAGISTRATE JUDGE**
and BRIAN OWENS,

    Defendants

# ORDER AND RECOMMENDATION

Plaintiff **CLARENCE G. HOWARD,** an inmate at Johnson State Prison in Wrightsville, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He has paid the initial partial filing fee as ordered by the Court and is responsible for the remainder of the filing fee as described in detail below.

### I. MOTION FOR RECOGNITION

Plaintiff has filed a "Motion for Recognition." In this motion, plaintiff states that "she is a transgender person with a gender identity disorder." Moreover, "[p]laintiff requests that all further orders . . . from this Court, its Clerks and defendants refer to plaintiff using Ms. and femal (sic) pronouns." However, a check of Georgia Department of Corrections Website (www.dcor.state.ga) shows that plaintiff is classified as a "male" inmate. The Court finds that it should adhere to the gender classification given to plaintiff by the Georgia Department of Corrections. Therefore, the Court will certainly recognize and note that plaintiff classifies himself as "a transgender person with gender identity disorder," but it will not use female pronouns and it will not order that defendants refer to plaintiff as "Ms." and use just female pronouns when referring to plaintiff. For these reasons, plaintiff's "Motion for Recognition" is **DENIED**.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. ***Scheuer v. Rhodes***, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. See ***Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. ***Id.***

## III. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

**A. Claims relating to housing inside the Georgia Diagnostic and Classifications Prison and transfers** .

Plaintiff Howard complains that between the months of March and December of 2007, the Georgia Department of Corrections placed him in "high max" without cause. He states that he was convicted of shoplifting and burglary and should not have been "treated as a high-max inmate and housed with violent inmates."He also complains that he "has been transferred from prison to prison [seven] times all by the decision of the G[eorgia] Dep[artment] of Corrections." Plaintiff states that these "excessive transfers done by defendant [Georgia Department of Corrections] caused him undue severe stress."

There are several reasons why plaintiff's claims relating to housing inside the prison and transfers must be dismissed. First, he has named the Georgia Department of Corrections as the only defendant in relation to these claims. "[T]he Eleventh Amendment bars a §1983 action against a state and its agencies 'regardless of whether a plaintiff seeks monetary damages or prospective injunctive relief'." ***Maolud v. Sikes***, No. 1:06-CV-1043 (JEC), 2006 U.S. Dist LEXIS 22734, at *3-4 (N. D. Ga. Oct. 24, 2006 )(quoting ***Stevens v. Gay***, 864 F.2d 113, 115 (11th Cir. 1989)); ***See also Will v. Michigan Dep't of State Police***, 491 U.S. 58, 71 (1989).

Additionally, the placement of inmates inside a prison "is a matter peculiarly within the province of prison authorities' administrative duties." ***Freeman v. Fuller***, 623 F. Supp. 1224, 1227 (S.D. Fl. 1985). Additionally, "federal courts, being ill-equipped to involve themselves in the administration of state prisons, accord great deference to administrative decisions rendered by prison authorities and will not interfere except in extreme cases." ***Id.*** This is not an extreme case that would warrant interference by this Court. Instead, "[t]he instant claim is a good example of an internal administrative decision which is best left to prison authorities." ***Id***.

Regarding his frequent transfers, a prisoner has no constitutionally protected right to be transferred to, or to remain in, any particular institution. ***Adams v. James***, 784 F.2d 1077 (11th Cir. 1986). Therefore, the fact that plaintiff has been transferred numerous times does not rise to the level of a constitutional violation.

Finally, plaintiff Howard complains that the housing in "high-max" and subsequent transfers have caused him "undue stress." However, he has not alleged that any *physical* injuries resulted from his placement with violent inmates or these transfers. 42 U.S.C. § 1997e(e) provides as follows: "No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." ***See also Siglar v. Hightower***, 112 F.3d 191, 193 (5th Cir. 1997). Plaintiff sustained no physical injuries due to classification and transfers, and, therefore, these claims are not actionable under 42 U.S.C. § 1983.

Consequently, **IT IS RECOMMENDED** that plaintiff's claims regarding housing inside the Georgia Diagnostic and Classifications Prison and transfers be **DISMISSED** from this action. Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Order.

**B. Brian Owens**

In his original complaint, it appeared that plaintiff Howard might want to show Brian Owens as a defendant. Plaintiff was ordered to recast his original complaint, and it does not appear from that recast complaint that plaintiff actually wishes to name Mr. Owens as a defendant. Plaintiff makes no allegations against this individual in the body of his re-cast complaint. A § 1983 claim must allege a causal connection between a defendant and an alleged constitutional violation. *See Zatler v. Wainwright*, 802 F.d 397, 401 (11th Cir. 1986). Brian Owens is subject to dismissal on this ground alone.

Moreover, to any extent that plaintiff is attempting to hold Brian Owens responsible for the actions of Georgia Department of Corrections' employees, it is well settled that a plaintiff cannot prevail under 42 U.S.C. § 1983 based on a theory of respondeat superior or supervisory liability. *Rogers v. Evans*, 792 F.2d 1052 (11th Cir. 1986); *H.C. by Hewett v. Jarrard*, 786 F.2d 1080 (11th Cir. 1986). Instead the plaintiff must show that the supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. *H.C. by Hewett*, 786 F.2d at 1086-87. "The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to notify supervising officials must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990), *cert. denied*, 500 U.S. 933 (1991).

Plaintiff does not allege that Brian Owens was personally involved in any of his alleged constitutional deprivations. Moreover, plaintiff's assertions do not establish the causal connection necessary to hold this defendant responsible for the plaintiff's alleged constitutional deprivations.

In light of the foregoing, **IT IS RECOMMENDED** that Brian Owens be **DISMISSED** from this action. Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Order.

**C. Claims relating to medical treatment**

Plaintiff Howard explains that prior to entering prison, he was on "hormone medication" for 27 years. He states that when he entered the Georgia Diagnostic and Classifications Prison, he was experiencing hot flashes and mood swings and requested to see a doctor. Plaintiff maintains that when he saw Dr. Gill, the doctor prescribed "extremely high dosages of hormone meds (sic) which caused harm to plaintiff by deteriorating plaintiff's breasts, hips, buttocks, thighs, facial features, [and] caused growth of facial hair." Plaintiff states that Dr. Gill told him that "he did not know what was going on with plaintiff's side effects and physical feminine transformation, yet [Dr. Gill] continued the same extreme high dosages of hormone medication." Plaintiff also maintains that between April 19, 2007 and July 29, 2008, Dr. Gardner "add[ed] another hormone medication to plaintiff's meds (sic) which caused more harm," similar to that described above.

Plaintiff alleges that he told both doctors the correct medication, and both doctors were aware of the medication he was taking prior to incarceration. However, both refused to correct the dosages. Plaintiff also seems to state that both doctors prescribed the improper dosages because they failed to make a "proper investigation" He avers that he has suffered severe side effects from the hormone medications: breast pain, back pain, soreness of nipples, disfigurement, jaw cramps, and uncontrollable shaking.

Plaintiff requested to see a specialist for his complications. He explains that Dr. Gill, Dr. Gardner, and Director of Health Services, Ms. Katrina Green, refused, from September of 2007 until July of 2008, to let him see a specialist. He states that he was finally approved to see a specialist on July 2, 2008, but did not actually see the physician until November of 2008.

5

Plaintiff Howard alleges that when he was finally allowed to see an endocrinologist he was told that the hormones prescribed by Dr. Gill and Dr. Gardner "were over the legal dosage." He avers that he was told the only way to correct the damage done by these doctors was cosmetic surgery.

Plaintiff maintains that he filed "grievances to the highest level" based on what the endocrinologist told him. However, Katrina Green has upheld the actions of Drs. Gill and Gardner.

At this time, the Court cannot find that plaintiff's claims regarding his medical care against Dr. Gill, Dr. Gardner, and Katrina Green are wholly frivolous. Therefore, this action shall go forward against these three defendants.

Accordingly, it is HEREBY ORDERED AND DIRECTED that service be made as provided by law upon the defendants DR. ROBIN GILL, DR. ALETA GARDNER, and KATRINA GREEN; that a WAIVER OF REPLY, an ANSWER <u>or</u> such other response as may be appropriate under Rule 12 of the **FEDERAL RULES OF CIVIL PROCEDURE**, 28 U.S.C. §1915, and the *Prison Litigation Reform Act* be filed herein by said defendants as required and permitted by law.

It is further ORDERED AND DIRECTED that a copy of this order be served upon plaintiff's custodian, if any.

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, each party shall at all times keep the Clerk of this court and all opposing attorneys and/or parties advised of his current address. **FAILURE TO PROMPTLY ADVISE THE CLERK OF ANY CHANGE OF ADDRESS MAY RESULT IN THE DISMISSAL OF A PARTY'S PLEADINGS FILED HEREIN!**

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must <u>diligently</u> prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to prosecute. Defendants are advised that they are expected to <u>diligently</u> defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determine that discovery has been completed and all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to <u>file</u> original motions, pleadings, and correspondence with the Clerk of court; to <u>serve</u> copies of <u>all</u> motions, pleadings, discovery, and correspondence (<u>including letters to the Clerk or to a judge</u>) upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions and pleadings filed with the Clerk a **CERTIFICATE OF SERVICE** indicating <u>who</u> has been served and <u>where</u> (i.e., at what address), <u>when</u> service was made, and how service was accomplished (i.e., by U. S. Mail, by personal service, etc.).

THE CLERK OF COURT WILL NOT SERVE OR FORWARD COPIES OF SUCH MOTIONS, PLEADINGS, AND CORRESPONDENCE ON BEHALF OF THE PARTIES!

### DISCOVERY

PLAINTIFF(S) SHALL NOT COMMENCE DISCOVERY UNTIL AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED ON BEHALF OF THE DEFENDANT(S) FROM WHOM DISCOVERY IS SOUGHT BY THE PLAINTIFF(S). THE DEFENDANT(S) SHALL NOT COMMENCE DISCOVERY UNTIL SUCH TIME AS AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his/her custodian.

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed **WITHIN 90 DAYS** from the date of filing of an **ANSWER** or **DISPOSITIVE MOTION** by the defendant(s), unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This **90 DAY** period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer/dispositive motion. The scheduling of a trial herein may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

DISCOVERY MATERIALS SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT. **NO PARTY SHALL BE REQUIRED TO RESPOND TO ANY DISCOVERY NOT DIRECTED TO HIM OR SERVED UPON HIM BY THE OPPOSING COUNSEL/PARTY!** The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party. <u>No party shall be required to respond to any such requests which exceed these limitations</u>.

☞ ### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will <u>not</u> be considered by the court absent the filing of a **SEPARATE MOTION** therefor accompanied by a brief/memorandum of law citing supporting authorities. DISPOSITIVE MOTIONS should be filed at the earliest time possible, but in any event no later than **THIRTY (30) DAYS** after the close of discovery unless otherwise directed by the court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the **WARDEN** of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall *each month* cause to be remitted to the Clerk of this court **TWENTY PERCENT (20%)** of the preceding month's <u>income</u> credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the ***Prison Litigation Reform Act***, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of court *each month* until the filing fee is paid in full, *provided* the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

### ELECTION TO PROCEED BEFORE THE UNITED STATES MAGISTRATE JUDGE

Under **Local Rule 72**, all prisoner complaints filed under provisions of 42 U.S.C. §1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all pretrial matters. In addition, 28 U.S.C. §636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and all proceedings in a jury or nonjury civil matter and to order the entry of judgment in a case upon the written consent of all of the parties. Whether the parties elect to proceed before a magistrate judge or retain their right to proceed before a U. S. district judge is strictly up to the parties themselves.

☞	After the filing of responsive pleadings by the defendants, the Clerk of court is directed to provide **ELECTION FORMS** to the parties and/or to their legal counsel, if represented.  Upon receipt of the **ELECTION FORMS**, each party shall cause the same to be executed and returned to the Clerk's Office WITHIN FIFTEEN (15) DAYS.  Counsel may execute **ELECTION FORMS** on behalf of their clients provided they have such permission from their clients.  However, counsel must specify on the **ELECTION FORMS** on whose behalf the form is executed.

SO ORDERED AND RECOMMENDED, this 7th day of July, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

# ADDENDUM TO ORDER

## NOTICE TO ALL PARTIES

PURSUANT TO THE COURT'S ORDER REGARDING DISCOVERY SET OUT ABOVE, NO DISCOVERY SHALL BE PERMITTED IN THIS CASE UNTIL AN ANSWER OR DISPOSITIVE MOTION (e.g., MOTION TO DISMISS, MOTION FOR SUMMARY JUDGMENT, MOTION FOR JUDGMENT ON THE PLEADINGS) HAS BEEN FILED BY THE DEFENDANT(S).

PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE, DISCOVERY (DEPOSITIONS, INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, REQUESTS FOR ADMISSIONS, ETC., AND RESPONSES THERETO) SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT. <u>NOTE THAT THIS IS A CHANGE IN THE PROCEDURE HERETOFORE FOLLOWED IN THIS DISTRICT.</u>

DO <u>NOT</u> FILE <u>ANY</u> DISCOVERY WITH THE COURT UNLESS YOU ARE SPECIFICALLY DIRECTED TO DO SO BY THE COURT OR UNLESS FILING IS NECESSARY TO SUPPORT OR CONTEST A MOTION TO COMPEL DISCOVERY, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION. THE CLERK IS DIRECTED TO RETURN ANY SUBMITTED DISCOVERY TO THE PARTY SUBMITTING IT UNLESS IT IS FILED PURSUANT TO AN ORDER OF THE COURT OR IN SUPPORT OF A MOTION TO COMPEL, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION.