IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CLARENCE G. HOWARD      ) | |
|               Plaintiff,      ) | |
| v.      ) | CIVIL ACTION NO. 5:10-CV-207 (MTT) |
| KATRINA GREEN and      ) DR. ALETA GARDNER      ) | |
|               Defendants.      ) | |

## ORDER

This matter is before the Court on the Recommendation (Doc. 92) of United States Magistrate Judge Charles H. Weigle. The Magistrate Judge recommends granting the Defendants' Motion to Dismiss (Doc. 42) because the Plaintiff's Complaint fails to state a plausible claim upon which relief can be granted. The Plaintiff filed an Objection (Doc. 96) to the Motion on September 29, 2011, and the Defendants filed a Response to the Plaintiff's Objection (Doc. 101).[1]

The Court has thoroughly reviewed the Recommendation, the Plaintiff's Objection and the Defendants' Response, and the Recommendation is adopted in its entirety and made the order of this Court. The Defendants' Motion to Dismiss is **GRANTED**, and this action is dismissed.

---

[1] The record indicates that Defendant Dr. Robin Gill is now deceased. Dr. Gill was terminated as a party in this case on September 16, 2011.

The Plaintiff brings claims under the Eighth Amendment, alleging deliberate indifference to serious medical needs. At all times relevant to this Complaint, the Plaintiff was incarcerated at the Georgia Diagnostic and Classification Prison in Jackson, Georgia. Defendant Green was the Director of Health Services for the Georgia Department of Corrections in Atlanta, and Defendant Dr. Gardner was a contract physician assigned to the Georgia Diagnostic and Classification Prison. The Plaintiff's Complaint alleges that Dr. Gardner prescribed improperly high dosages of hormone medication and, as a result, the Plaintiff experienced side effects. The Plaintiff's only allegation against Green is that Green denied the Plaintiff's grievance related to the treatment.

The Plaintiff's claims against Dr. Gardner are subject to dismissal because the factual allegations in the Complaint do not state a claim of deliberate indifference. Thus, Dr. Gardner's conduct as alleged does not amount to cruel and unusual punishment. The Plaintiff's claim against Green is subject to dismissal as well because Green cannot be held responsible for Dr. Gardner's actions. Green's denial of the Plaintiff's grievance is insufficient to establish a custom or policy of abuse that would make Green accountable for decisions made by Dr. Gardner with regard to the Plaintiff's hormone medication.

Accordingly, for reasons stated more fully in the Magistrate Judge's Recommendation (Doc. 92), the Defendants' Motion to Dismiss (Doc. 42) is **GRANTED**, and this action dismissed. Because the Recommendation entails the dismissal of all claims, all other pending motions (Docs. 78, 79, 80, 83, and 86) are **DISMISSED** as moot. Further, because the Court in its decision reviewed and considered the Plaintiff's

complaint, along with the supporting documents, the Plaintiff's Motion of Inquiry (Doc. 77) is **GRANTED**.

**SO ORDERED**, the 19th day of October, 2011.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
